IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID RYER, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | 3:07-CV-1437-M |
| INGENIX, INC. and PEPSICO, INC., | § | |
| Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand. The Court finds that removal was proper under ERISA and, therefore, Plaintiff's Motion is **DENIED**.

## BACKGROUND

This case arises from injuries sustained by the Plaintiff in a car crash with an underinsured driver. At the time of the crash, Plaintiff was employed by Defendant PepsiCo, Inc. ("PepsiCo") and enrolled in a group insurance plan ("Plan") offered by PepsiCo. Defendant Ingenix, Inc. assisted PepsiCo in administering the Plan, which PepsiCo claims gave it a subrogation interest in certain insurance proceeds paid to Plan participants. Pursuant to the Plan, PepsiCo paid Plaintiff $29,883.58 for medical expenses incurred as a result of the accident. Plaintiff also recovered $20,000 from his insurance policy with GEICO, which covered losses caused the insured by a driver of an underinsured motor vehicle. PepsiCo subsequently asserted a subrogation interest in the GEICO payment. Plaintiff filed suit in Texas state court, seeking a declaratory judgment denying PepsiCo's subrogation claim. Defendants timely removed, asserting federal question jurisdiction under ERISA.

Plaintiff's Motion, which also disputes the validity of PepsiCo's subrogation claim under Texas law, includes arguments unrelated to federal jurisdiction. Because these contentions address the merits of Plaintiff's declaratory judgment action, rather than the existence of federal jurisdiction, they are not addressed here.

**ANALYSIS**

Defendants assert federal question jurisdiction under ERISA. Plaintiff's Motion to Remand denies that ERISA is applicable for three reasons: (1) the PepsiCo group plan ("Plan") was not an ERISA plan because PepsiCo did not "establish or maintain" it,[1] but rather required enrolled employees to pay monthly premiums; (2) the Department of Labor's regulations provide a safe harbor that exempts the Plan from ERISA coverage; and (3) Plaintiff's declaratory judgment claim is not subject to ERISA preemption and, therefore, federal jurisdiction cannot be based on ERISA.

*Was the Plan an ERISA Plan?*

Plaintiff contends that Defendants mischaracterize the Plan, which requires employees to pay monthly premiums, as self-funded. Because Plaintiff does not explain the legal relevance of this issue, the Court assumes Plaintiff disputes that PepsiCo "established or maintained" the Plan, which is a requirement for coverage under ERISA.

An employer is covered by ERISA when it establishes or maintains an employee welfare plan, such as by collecting premiums, submitting claims, or assuming responsibility for the plan or its benefits.[2] Plaintiff's contention seems to be that an employer must pay monthly premiums in order meaningfully to participate in creating or administering a group plan. The Fifth Circuit,

---

[1] 29 U.S.C. § 1002(1); *Foxworth v. Durham Life Ins. Co.*, 745 F.Supp. 1227, 1230 (S.D.Miss. 1990).
[2] 29 U.S.C. § 1002(1); *Kidder v. H & B Marine, Inc.*, 932 F.2d 347, 353 (5th Cir. 1991).

however, has rejected such a requirement.[3] Further, the Court finds that PepsiCo meaningfully assisted in administering the Plan by: (1) reserving sole discretion to construe and interpret the Plan; (2) designating an internal organization, the PepsiCo Administration Committee, to oversee the Plan; and finally, (3) paying benefits claims out of its own assets.[4] Therefore, Plaintiff's first ground for denying jurisdiction under ERISA is rejected.

*Does the Safe Harbor Provision Exempt the Plan from ERISA?*

Plaintiff maintains that ERISA is inapplicable because the Plan falls under the safe harbor provision in the Department of Labor regulations. Under the provision, a group insurance program is exempt from ERISA when all four of the following restrictions are met: (1) no contributions are made by an employer or employee organization; (2) participation [in] the program is completely voluntary for employees or members; (3) the sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, or to collect premiums through payroll deductions and remit them to the insurer; and (4) the employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions.[5]

Plaintiff sets forth no arguments to support his contention that the safe harbor provision is applicable here. The Court finds, however, that the third restriction is not met and, therefore, the safe harbor provision is inapplicable.

---

[3] *See, e.g.*, *Sunbeam-Oster Company, Inc. Group Benefits Plan for Salaried and Non-Bargaining Hourly Employees v. Whitehurst*, 102 F.3d 1368 (5th Cir. 1996); *Hansen v. Continental Life Insurance*, 940 F.2d 971, 977 (5th Cir. 1991) (finding that a group accident plan in which employees paid all of the premiums themselves was an ERISA plan).
[4] *See Hansen*, 940 F.2d at 978 (finding a group plan was an ERISA plan when the employer provided a full time employee benefits administrator and submitted claims to the insurer).
[5] 29 C.F.R. 2510.3-1(j); *Kidder,* 932 F.2d at 351.

The third Safe Harbor restriction requires that an employer limit its involvement in the plan to collecting and remitting premiums to the insurer and permitting the insurer to publicize the plan to its employees. When an employer endorses a plan or assists in its administration, such as by appointing a benefits administrator, an employer exceeds those permitted functions.[6] An employer's placement of its imprimatur on the plan, such as by adding the corporation's name to the plan title, constitutes endorsement of the plan. For example, in *AIG Life Insurance Company v. Blackshear*, the employer, Andrews Transport, endorsed the program by naming the plan, "Personal Accident Insurance Plan of Andrews Transport, underwritten by AIG Life Insurance Company."[7]

Here, PepsiCo endorsed and administered the Plan when it placed its imprimatur on the Plan, which was titled *PepsiCo Employee Health Care Program*. Further, PepsiCo participated in the Plan's administration by reserving, rather than vesting in the insurer, exclusive discretion to construe and interpret the Plan's terms, and by designating the PepsiCo Administration Committee to oversee the Plan's implementation. This involvement by PepsiCo means that the third restriction was not satisfied and, therefore, the safe harbor provision does not apply. Further, this violation is dispositive: all four restrictions must be met to invoke the Safe Harbor Clause. The Court concludes, therefore, that the Plan does not fall under the safe harbor provision.

### *ERISA Preemption*

Plaintiff's final contention is that his declaratory judgment claim is not subject to ERISA preemption and, therefore, removal was improper. A determination that ERISA preempts Plaintiff's state law claim is unnecessary for federal jurisdiction. To the contrary, a federal court

---

[6] *Hansen*, 940 F.2d at 977.
[7] 44 Fed.Appx. 654 (5th Cir. 2002) (unpublished); *see also Hansen*, 940 F.2d at 977.

has exclusive jurisdiction over any action brought to recover benefits or enforce rights under the terms of an ERISA plan, regardless of whether a plaintiff's state law claims are subject to preemption.[8] Accordingly, the Court solely addresses whether Plaintiff seeks to recover benefits or enforce rights under an ERISA plan, without now reaching the preemption issue.

Here, Plaintiff filed a declaratory judgment action to invalidate PepsiCo's subrogation claim regarding benefits paid by PepsiCo under the Plan. Because Plaintiff is enforcing his alleged right to benefits under an ERISA plan, and asking the Court to construe the subrogation provision in that plan, this Court has exclusive jurisdiction over the action.

The Court finds removal was proper and, therefore, Plaintiff's Motion to Remand is **DENIED**.

**SO ORDERED.**

January 2, 2008.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

---

[8] 29 U.S.C. § 1132(e).